UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD EARL WILLIAMS (#403681)                                    CIVIL ACTION

VERSUS

MELVIN MCDOWELL, ET AL.                                            NO. 16-338-BAJ-RLB

ORDER

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, field this action action pursuant to 42 U.S.C. § 1983 against numerous prison officials, complaining that the defendants violated his constitutional rights through the use of excessive force on October 5, 2015, and deliberate indifference to his serious medical needs therafter.  Pursuant to a prior Order in this case (Rec. Doc. 3), the plaintiff was granted authorization to proceed as a pauper in this proceeding.

However, the statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that the plaintiff is not entitled to proceed as a pauper in this case.  28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court reflects that the plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been

CIB

dismissed as frivolous, malicious, or for failure to state a claim.[1]  Accordingly, because the plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee unless he is under imminent danger of serious physical injury.

The plaintiff has filed a Motion for Leave of Court to Amend Complaint (R. Doc. 11), wherein he seeks to amend his Complaint to state that "he is under imminent danger of serious physical injury by continued denied medical testing of his injuries obtained from the October 5, 2015 beating and denial of medical testing of such injuries."  As explained more fully below, although the Court will allow the Plaintiff to amend his Complaint, the Complaint as amended does not contain facts sufficient to show that the plaintiff was under imminent danger at the time his Complaint was filed.

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action in forma pauperis, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.  *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).  An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."  28 U.S.C. § 1915(g).  The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.  *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future because he has been required to wear shoes that are the wrong size and are damaged is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

---

[1] Cases filed by Plaintiff that have been dismissed by this Court or by the Court of Appeals as frivolous or for failure to state a claim include, but are not limited to, *Williams v. Whitehorn, et al.*, Civil Action No. 11-199-SMH-MLH (W.D. La.), *Williams v. Cain*, Civil Action No. 13-164-JJB-SCR (M.D. La.), and *Williams v. LeBlanc, et al.*, Civil Action No. 14-519-BAJ-RLB (M.D. La.).

Even construing the plaintiff's allegations liberally, the facts relied upon by plaintiff do not establish that he was under imminent danger of serious physical injury when he filed his Complaint. The plaintiff provides no details regarding his alleged injuries, nor does the plaintiff explain why his alleged injuries from October 5, 2015 suddenly placed the plaintiff under imminent danger of a serious physical injury. Rather, the plaintiff has amended his Complaint in an attempt to avoid being barred from proceeding *in forma pauperis* in this case.

Furthermore, the plaintiff's vague allegations of future harm do not suffice to show imminent danger of serious physical injury. Said allegations are speculative at best. Moreover, the possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger. *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'")

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury. Here, the plaintiff fails to show that his circumstances warrant an exception to be made. Notably, the instant ruling does not prohibit the plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees. Accordingly, because the plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee.

Therefore:

**IT IS ORDERED** that the plaintiff's Motion for Leave of Court to Amend Complaint (R. Doc. 11) be and is hereby **GRANTED**.

**IT IS ORDERED** that the Order of this Court (Rec. Doc. 3), pursuant to which the plaintiff was granted *in forma pauperis* status in the above-captioned proceeding, be and is hereby **VACATED**.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Proceed *In Forma Pauperis* (R. Doc. 2) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $327.67, the remaining portion of the full amount of the Court's $400.00 filing fee. The filing fee must be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of the plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on December 30, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**